UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| CARLOS BRITO, Individually, | : | Case No.: |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| SUNSHINE DADE INVESTMENTS, LLC, a Florida Limited Liability Company, and SHAWN SHAIKH, INC., d/b/a SHAWN SHELL, a for profit Corporation, | : : : | |
| | : | |
| Defendants. | : | |
| _____/ | | |

## COMPLAINT FOR PERMANENT INJUNCTIVE RELIEF

Plaintiff, CARLOS BRITO, (hereinafter "Plaintiff"), hereby sues the Defendants, SUNSHINE DADE INVESTMENTS, LLC, a Florida Limited Liability Company, and SHAWN SHAIKH, INC., d/b/a SHAWN SHELL, a Florida for profit Corporation, for injunctive relief, attorneys' fees, litigation expenses and costs, for failing to make its facilities accessible to Americans with disabilities in violation of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and alleges as follows:

## JURISDICTION & VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Plaintiff's claim is authorized by Title 42 U.S.C. §§ 12181, 28 U.S.C. §§ 2201 and 2202.

3. This Court has pendant jurisdiction over any and all potential State law claims pursuant to Title 28 U.S.C. § 1367(a).

4. All of the actions or omissions complained of herein have taken place within the jurisdiction of the United States District Court for Southern District of Florida and the subject facilities are located in Miami-Dade County, Florida. 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff, CARLOS BRITO, is a resident of the State of Florida, *sui juris*, and is an individual with disabilities as defined by the ADA.

6. Defendant, SUNSHINE DADE INVESTMENTS, LLC, (hereinafter referred to as the "Defendant" or "SUNSHINE"), is a Florida Limited Liability Company, is authorized to, and does, transact business in the State of Florida.

7. Defendant, SHAWN SHAIKH, INC., D/B/A SHAWN SHELL, (hereinafter referred to as the "Defendant" or "SHAWN SHAIKH"), is a Florida for profit Corporation, is authorized to, and does, transact business in the State of Florida.

8. Plaintiff plans to return to the subject commercial facility but has encountered barriers violating the ADA, and its corresponding sections of the American With Disabilities Act Accessibility Guidelines (hereinafter "ADAAG").

## GENERAL FACTS

9. Plaintiff, CARLOS BRITO, is a paraplegic (paralyzed from his T-6 vertebrae down), and must use a wheelchair to ambulate. He cannot walk or stand, and has limited use of his hands. He has trouble grasping or pinching object, or twisting his wrist.

10. Plaintiff has a personal desire to have access to places of public accommodations in order to enjoy the full and equal enjoyment of the facilities as that of an able-bodied person. Plaintiff, as an ADA tester accomplishes this goal by visiting the location, engaging all of the illegal barriers to access, or observing those barriers to access he is not able to access. Plaintiff

intends to visit the subject places of public accommodations to verify their compliance or non-compliance with the ADA.

11. February 25, 2021, Plaintiff visited the 7895 West Flagler Street Facility, in his capacity as an ADA tester.

12. Defendant, SUNSHINE is the owner and/or lessor and/or operator of the commercial facility located at 7895 West Flagler Street, Miami, Florida 33144 (hereinafter referred to as "7895 West Flagler Street Facility", "commercial facility", or "facility").

13. Defendant, SHAWN SHAIKH, is the owner and/or lessor and/or operator a gas station commonly known within the community as Sunshine Shell 264, located at the 7895 West Flagler Street Facility.

14. The 7895 West Flagler Street Facility is a place of public accommodation as defined by the ADA.

15. The gas station located at the 7895 West Flagler Street Facility, is a place of public accommodation as defined by the ADA.

16. Plaintiff was not able to, and still cannot, access significant portions of the 7895 West Flagler Street Facility, or avail himself of the various goods and services Defendants otherwise offer to able-bodied individuals.

17. The following barriers exist at the 7895 West Flagler Street Facility:

**ENTRANCE ACCESS AND PATH OF TRAVEL**

    a. The plaintiff had difficulty traversing the path of travel, as it is not continuous and accessible. Violation: There are inaccessible routes from the public sidewalk and transportation stop. These are violations of the requirements in Sections 4.3.2(1), 4.3.8, 4.5.1, and 4.5.2 of the ADAAG and Sections 206.2.1, 302.1, 303, and

402.2 of the 2010 ADA Standards, whose resolution is readily achievable;

b. The plaintiff had difficulty on the path of travel at the facility, as ramps do not have compliant handrails violating Section 4.8.5 of the ADAAG and Section 405.8 of the 2010 ADA Standards, whose resolution is readily achievable;

c. The plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are changes in levels of greater than ½ inch, violating Sections 4.3.8 and 4.5.2 of the ADAAG and Section 303 of the 2010 ADA Standards, whose resolution is readily achievable;

d. The plaintiff had difficulty using some of the curb ramps, as the slopes are excessive. Violation: There are curb ramps at the facility that contain excessive slopes, violating Section 4.7.2 of the ADAAG and Sections 405.2 and 406.1 of the 2010 ADA Standards, whose resolution is readily achievable;

## ACCESS TO GOODS AND SERVICES

e. The plaintiff could not traverse through areas of the facility as the required 36" path is not provided. Violation: There is not a continuous path of travel connecting all essential elements of the facility, in violation of Sections 4.3.1 and 4.3.2 of the ADAAG and Section 403.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

18. The Defendant, SUNSHINE, engages in a policy and/or procedure of failing to maintain in operable working conditions those features of the commercial facility, as identified in paragraphs 17 (a)-(e), in violation of 28 C.F.R. § 36.211.

19. The following barriers exist at the Sunshine Shell 264:

## PUBLIC RESTROOMS

a. There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable;

    b.    The plaintiff had difficulty using the toilet paper due to the roll not being located within a dispenser. Violation: Elements in the restroom are not readily accessible and usable by persons with disabilities, violating 28 CFR 36.211, whose resolution is readily achievable;

    c.    The plaintiff could not transfer to the toilet without assistance, as the side grab bar is not at the required location. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 & Figure 29 of the ADAAG and Section 604.5.1 of the 2010 ADA Standards, whose resolution is readily achievable;

    d.    The plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: The water closet is mounted at a non-compliant distance from the side wall, violating Section 4.16.2 and Figure 28 of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable;

    e.    The plaintiff could not flush the toilet without assistance, as the flush valve is not mounted on the wide area. Violation: The flush valve is not mounted on the compliant side in violation of Section 4.16.5 of the ADAAG and Section 604.6 of the 2010 ADA Standards, whose resolution is readily achievable

20.    The Defendant, SHAWN SHAIKH, engages in a policy and/or procedure of failing to maintain in operable working conditions those features of the commercial facility and supermarket, as identified in paragraphs 19 (a)-(e), in violation of 28 C.F.R. § 36.211.

21.  Plaintiff has encountered and has knowledge of the numerous inaccessible elements that prevent access and/or are a threat to the safety of individuals with disabilities located at the subject commercial facility and the places of public accommodation operating therein.

22.  Due to the architectural barriers encountered, all areas of the premises were not experienced by Plaintiff. Therefore, the above lists of ADA violations are not to be considered all-inclusive. A *complete* list of violations at the commercial facility and the place of public

accommodation, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives.[1]

23. Correcting each of the barriers in paragraphs 17 (a)-(e) of this Complaint are readily achievable.

24. Correcting each of the barriers in paragraphs 19 (a)-(e) of this Complaint are readily achievable.

25. Plaintiff intends to revisit the subject commercial facility and the places of public accommodation as identified in paragraphs 12 through 13 of this Complaint.

26. The barriers prevent and deter Plaintiff from returning to the subject commercial facility and the place of public accommodation to enjoy the goods and services available to the public.

27. Plaintiff has been denied access to, and has been denied the benefits of, services, programs and activities of the subject commercial facility and the place of public accommodation, and has otherwise been discriminated against and damaged because of the existing ADA violations, including, but not limited to, those set forth herein.

28. The ADA barriers identified in paragraphs 17 and 19, violate the ADA and infringe on Plaintiff's right to travel free of discrimination. Once the barriers are removed, Plaintiff will revisit the subject commercial facility and the place of public accommodation.

---

[1] Rule 34 of the Federal Rules of Civil Procedure.

## COUNT I
## AMERICANS WITH DISABILITIES ("ADA")
## ACTION FOR INJUNCTIVE RELIEF

29. This action arises pursuant to Title 42 U.S.C. § 12181, *et seq.* ("Americans with Disabilities Act").

30. Plaintiff adopts and re-alleges the allegations stated in paragraphs 1 through 28 of this Complaint as if fully stated herein.

31. At all times relevant to this action, the ADA, 42 U.S.C. § 12101, *et seq.,* was in full force and effect and applies to Defendants' conduct or omissions thereof.

32. At all times relevant to this action, the United States Department of Justice regulations implementing Title III of the ADA, 28 C.F.R Part 36, were in full force and effect and applied to the Defendants' conduct.

33. The objective of the ADA is to eliminate discrimination against individual with disabilities.  Section 302(a) of the ADA, 42 U.S.C. § 12182(a), prohibits discrimination "on the basis of disability in the full and equal of goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

34. Section 302(b) (2) (A) (iii) of the ADA, 42 U.S.C. § 12182(b) (2) (A) (iii), provides that discrimination that discrimination under the ADA further includes "the failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services" as defined under § 12102 of the ADA.

35. 28 CFR § 36.211 requires accessible elements to be maintained in accordance with the 2010 Americans with Disabilities Act Accessibility Standards.

36. It is therefore necessary to implement and adhere to a policy and procedure whereby all accessible features are properly maintained, kept in proper location, working order and remain compliant.

37. At all times relevant to this action, Plaintiff is a qualified individual with a disability within the meaning of Title III of the ADA, 42 U.S.C. § 12102.

38. At all times relevant to this action, Defendants commercial facility and the tenant spaces are places of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181 and 28 CFR § 36.104.

39. Defendant, SUNSHINE, who owns the 7895 West Flagler Street Facility where the Sunshine Shell 264 is located, is required to comply with the ADA. *See* 28 CFR § 36.201.

40. Defendant, SHAWN SHAIKH, who owns and operated the Sunshine Shell 264 gas station located at the 7895 West Flagler Street Facility is required to comply with the ADA. *See* 28 CFR § 36.201.

41. Plaintiff has encountered and/or has knowledge of the architectural barriers at the subject commercial facility and the place of public accommodation, which deny him the full and equal enjoyment of the facilities as able-bodied persons.

42. Defendants are deprived Plaintiff the equal opportunity to freely travel without fear of being subjected to discrimination by maintaining a public accommodation with ADA violations and failing to remove such barriers existing therein.

43. Defendants have discriminated against the Plaintiff by denying him access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the premises, as prohibited by 42 U.S.C. § 12182 *et seq.*, and by failing to remove architectural barriers as required by the ADA.

44. Defendants, through the actions outlined above, have denied Plaintiff the opportunity to participate or benefit from the services, facilities, and accommodations provided by Defendants.  42 U.S.C. §12182; 28 C.F.R. § 36.202.

45. Defendants' violations of the ADA mentioned above directly cause Plaintiff to sustain past and continuing physical and emotional injuries.  Plaintiff has suffered, is suffering, and will continue to suffer irreparable injury as a result of Defendant's pattern and practice of discrimination.

46. Immediate and irreparable injury, loss or damage will result to Plaintiff, and the existing loss and damage will be aggravated, if the Defendants are not enjoined to comply with the ADA.  Plaintiff will continue to suffer such discrimination, injury and damage and will be deterred from returning to the premises without the relief provided by the ADA as requested herein.  Plaintiff has no adequate remedy at law without the entry of an injunction enjoining Defendants from discriminatory barriers, policies, and practices in violation of the ADA.

47. Plaintiff has suffered, is suffering, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at Defendant's commercial facility and the places of public accommodation.  Defendants have caused Plaintiff to suffer a sense of isolation and segregation and deprive Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the able-bodied public by continuing to operate a commercial facility and the places of public accommodation with discriminatory conditions in violation of the ADA.

48. Plaintiff wishes to re-visit the subject commercial facility and the places of public accommodation to avail himself of the services, programs and/or activities available at the building/property, but also to assure himself that the subject commercial facility and the places

of public accommodation are in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination, dignitary harm and threats to their safety, once the architectural barriers to access have been removed and reasonable changes in policy implemented, and it is absolutely clear that the discriminatory behavior and policies alleged herein cannot reasonably be expected to recur.

49. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been alteration to Defendant's places of public accommodation since January 26, 1992, then the Defendant are required to ensure to the maximum extent feasible, that the altered portions of the facilities are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facilities is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

50. Notice to Defendant(s) is not required because of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $50,000.00 or less).

51. All other conditions precedent have been met by Plaintiff or waived by the Defendants.

52. The Plaintiff demands a non-jury trial on all issues to be tried herein.

53. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action, and has agreed to pay his counsel reasonable attorneys' fees, including

Complaint for Injunctive Relief
Page 11 of 12

costs and expenses incurred in this action.   Plaintiff is entitled to recover those attorneys' fees, costs and litigation expenses from the Defendants.

54. Pursuant to 42 U.S.C. § 12188, this Court is provided authority to grant Plaintiff's injunctive relief including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and/or closing the subject facilities until the requisite modifications are complete.

**WHEREFORE**, Plaintiff respectfully requests:

A. The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*;

B. Injunctive relief against the Defendants, SUNSHINE DADE INVESTMENTS, LLC, and SHAWN SHAIKH, INC., D/B/A SHAWN SHELL, including an Order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absences of auxiliary aids and services;

C. Award Plaintiff his reasonable attorney fees, costs and litigation expenses incurred in this action pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505;

D. Any such other and further relief as this Court may deem proper and just under the circumstances and allowable under Title III of the American with Disabilities Act.

Dated: April 6, 2021                    Respectfully submitted,

By: /S/ Camilo F. Ortega
Camilo F. Ortega, Esq.,
Florida Bar No.: 0075387
ORTEGA LAW GROUP, P.A.,
**REGENCY SQUARE**
2440 SE FEDERAL HIGHWAY
SUITE M
STUART, FLORIDA 34994
Ph: (786) 452-9709
Fax: (713) 246-7914
E-Mail: camilo@ortegalawgroup.com
Service by E-Mail:
attorneyservice@ortegalawgroup.com